ROBERT L. ROSENTHAL
Nevada Bar No. 6476
JAY YOUNG
Nevada Bar No. 5562
**HOWARD & HOWARD ATTORNEYS PLLC**
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
rlr@h2law.com
jay@h2law.com

*Counsel for Deerpath Corporation*
*dba Scope Services*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| SERENA CRAWFORD, | Case No. 3:16-cv-00323-LRH-WGC |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| DEERPATH CORPORATION, dba SCOPE SERVICES; DOES 1 THROUGH 10, inclusive, | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 26(c), the Parties, Serena Crawford ("Plaintiff") and Deerpath Corporation, dba Scope Services ("Defendant") submit this proposed Stipulated Protective Order for the purpose of ensuring that confidential information exchanged in discovery and possibly submitted by the Parties in the above-referenced case is not disclosed to or used for any purpose outside of the above-captioned lawsuit.

During the course of this case, documents and information considered confidential and/or sensitive by at least one of the Parties may be disclosed, including but not limited to employment records and/or information related to current and former employees and third-party

1

individuals who are not parties to this litigation, personal identifying information for said non-parties, commercial, financial or other business proprietary information, and medical records.

The Parties agree that a Protective Order is necessary in light of the need to protect confidential commercial, financial and proprietary information from public disclosure, the fact that the disclosure of confidential employment records and related information would potentially subject the Parties to liability from claims by such non-party employees, former employees, and/or third-party individuals, the disclosure of the confidential employment records of nonparty employees, former employees, and third-party individuals could harm such individuals, interfere with other job opportunities or relationships, impact their reputation, and cause them undue embarrassment and/or distress, the obligation to protect the confidential employment records of non-party individuals, and due to the sensitive nature of confidential investigations, the disclosure of which could harm the employees, former employees, or third-party individuals.

For these reasons, the Parties hereby stipulate, subject to approval and entry by the Court, to the following:

I. **Definitions and Terms**

1. "Confidential Information" means any document, information, or material, which the producing party or protected person reasonably believes not to be in the public domain and reasonably believes contains proprietary or confidential information, or information to which an individual or company has an established and legitimate right to privacy or confidentiality, including any document, information, or material contained in any personnel file, medical records, confidential records, corporate records, financial records, donor lists, commercial or trade secret information of a sensitive and/or proprietary nature, competitive information and income tax records or information.

HOWARD & HOWARD ATTORNEYS PLLC

2.      "Disclosed" is used in its broadest sense and includes, *inter alia*, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

3.      "Discovery Material(s)" means any Confidential Information presented in documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or written information, whether produced voluntarily or involuntarily, in response to discovery requests in this litigation by any party.

4.      "Document" is defined as the term is used in Federal Rule of Civil Procedure 34.

5.      "Under seal" is defined as sealing confidential documents consistent with the procedure laid out by Local Rule 10-5 and the Court's electronic filing procedures. In the event that the Court publishes a new procedure for the filing of documents under seal, the Parties may follow said published procedure.

**II.      Types of Materials that May be Designated as Confidential**

Any Discovery Material, as defined above, may be designated by a producing party as Confidential under this Order. The assertion of this designation of "Confidential" shall constitute a representation to the Court that counsel for the producing party or protected person believes in good faith that the material so designated constitutes Confidential Information as defined in this Order. Except with the prior written consent of the producing party or by court order or as otherwise compelled by force of law, no Discovery Materials stamped "Confidential" may be disclosed to any person except as permitted in section IV.

**III.      Designation of Discovery Materials as Confidential**

A producing party may designate as confidential Discovery Materials containing Confidential Information by stamping or otherwise marking the designated material as

3

HOWARD & HOWARD ATTORNEYS PLLC

"Confidential." The fact that a document is stamped "Confidential" by one party shall not be construed as an admission by any other party that such document is confidential, nor shall it limit or preclude the right of any party to object to the "Confidential" designation and to file any appropriate motion(s) to determine the propriety of such designation. If the producing party inadvertently fails to stamp or otherwise appropriately designate or list certain documents, material, or information as "Confidential" upon their production or disclosure, such inadvertent failure to designate shall not constitute nor be deemed a waiver of a subsequent claim of protected treatment under this Order.

Any party may add the designation "Attorneys' Eyes Only" to any Confidential information when that party believes in good faith that such Confidential Information is so sensitive that the disclosure of such Confidential Information to the adverse party or others will be, or has the potential of being, prejudicial to the producing party, its business operations or any non-party individuals who may the subject of and/or referenced in such Confidential Information. "Attorneys' Eyes Only" Confidential Information may be disclosed, given or shown only to counsel of record in this action, and the employees of such counsel.

Any party may also designate information disclosed in deposition as "Confidential" or "Attorneys' Eyes Only" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "Attorneys' Eyes Only" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control; provided, however that each and every deposition transcript shall be treated as "Attorneys' Eyes Only" for a period of thirty (30) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Attorneys' Eyes Only," with blank, consecutively

numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" and/or "Attorneys' Eyes Only" information shall have page numbers that correspond to the blank pages in the main transcript.

Any party's inadvertent or unintentional failure to designate protected information shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, as long as the disclosing party notifies all parties in writing that such protected information constitutes Confidential Information within seven (7) days after learning that the protected information was inadvertently or unintentionally produced without an appropriate confidentiality designation.

The terms of this Stipulated Protective Order apply, without limitation, to all documents and information exchanged between the parties in the course of this litigation, whether or not such documents and/or information were exchanged prior to the entry of this Order and/or were designated as "Confidential." This provision allows a party to designate a previously produced document as "Confidential."

**IV.    Objection to a Designation of Discovery Materials as "Confidential"**

Any party may contest the designation of documents, information and Discovery Materials as "Confidential" by serving a written objection (by letter to the designating party) to the Confidentiality designation within ten (10) calendar days of the date the designation was made. Upon service of such objection, the Parties shall make a good faith effort to resolve the issue informally. If that effort fails, the confidentiality designation shall expire unless, within three (3) weeks of service of the objection, or such additional time as may be agreed upon the Parties, the Party seeking confidentiality applies to the Court for an order designating the document or information confidential. If such an application is made, the document or other information marked "Confidential" which is in dispute shall remain "Confidential," as the case may be, until the dispute is resolved by and between or among the Parties and so confirmed in

HOWARD & HOWARD ATTORNEYS PLLC

writing or, if necessary, until order of the Court. On any such application, the proponent of confidentiality shall have the burden of showing, by a preponderance of the evidence, good cause for the claimed protection. The Court shall have the authority to award sanctions on any such application or motion.

**V.**     **Permissible Use of "Confidential" Information, Documents, or Materials**

Notwithstanding Section II above, documents stamped "Confidential" may only be disclosed to: (i) the Parties; (ii) all attorneys representing the Parties in this matter; (iii) para-professionals, secretaries, and other non-attorney personnel who are employed by firms or by individual attorneys representing the Parties in this matter but only to the extent that disclosure to such person(s) is necessary in order for them to assist attorneys in connection with this matter; (iv) the Court and all Court personnel, including stenographers employed to record and transcribe testimony given upon sworn statement, deposition, and/or trial; (v) experts or consultants retained by a party or attorney of record for purposes of litigation to the extent necessary to perform specific duties in connection with this action; (vi) deponents; and (vii) any person that originally authored or received the designated document or demonstrably gained knowledge of it in the regular course of business, as ascertained based on the document itself or prior sworn testimony. To the extent such Confidential Information is disclosed to Court personnel or filed with the Court it may, upon a showing sufficient to satisfy the requirements of the Court concerning sealed documents and Local Rule 10-5, be done Under Seal.

Persons obtaining access to Discovery Materials or other documents, information, or materials stamped "Confidential" pursuant to this Order shall use the information only for the purpose of this matter, through and including appeal(s) and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings, unless required by court order or being compelled by force of law. Counsel shall

HOWARD & HOWARD ATTORNEYS PLLC

require any person who receives information covered by this Order to sign an agreement, in the general form as attached hereto as Exhibit A, whereby the person receiving such information agrees to protect the confidentiality of that information in a manner consistent with the terms of this Order. If any person receiving information covered by this Order is: (a) subpoenaed in another action or proceeding; (b) served with a request or demand in another action to which he, she, or it is a party; or (c) served with any other legal process by one not a party to this action, seeking information designated as "Confidential" pursuant to this Order, the subpoenaed party shall: (i) promptly give written notice, by hand or facsimile transmission, within forty-eight (48) hours of receipt of such subpoena, request, demand, or legal process to the party that produced or designated the material as "Confidential;" (ii) decline to produce such material unless otherwise ordered by a court or other tribunal or body with lawful authority to compel disclosure; and (iii) respond to any effort to enforce such subpoena, request, demand, or other legal process by setting forth the existence of this Order. The subpoenaed party or anyone else subject to this Order shall be under no obligation to take any other action or measures to preserve the confidentiality of any such information in connection with such subpoena, request, demand, or legal process. Nothing herein shall be construed as requiring the subpoenaed party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information, to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from the Court.

## VI.   Miscellaneous

1.     The provisions of this Agreement shall not terminate at the resolution of this matter.

2.     Within sixty (60) days after the final conclusion of this matter, documents stamped "Confidential" and all copies of such documents, other than exhibits of record, shall be

HOWARD & HOWARD ATTORNEYS PLLC

destroyed or returned to the party who produced the documents and designated them as "Confidential." Notwithstanding the foregoing, each party's counsel may retain for its files a copy of all pleadings, motions, exhibits, or other materials filed and/or lodged with the Court, and all documents designated by any party or any non-party as "Confidential" and/or summaries or abstracts thereof (including but not limited to documents of any type prepared by a party and/or counsel that are subject to the attorney-client privilege and/or the attorney work product doctrine), provided that such "Confidential" records and attorney work product are prominently marked with the statement: CONFIDENTIAL: This envelope contains documents that are subject to a Protective Order entered into by the parties and/or by the Court in this action governing the use of confidential discovery materials.

3. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper. In agreeing to this Order, the Parties also do not waive any privilege or protections which they or any of them may otherwise have regarding Confidential Information.

4. In stipulating to this Order, the Parties are not waiving any rights they have to obtain information or materials, in whatever form, through the discovery rules as embodied in the Federal Rules of Civil Procedure.

///
///
///
///
///
///
///

8

5.    This Order, however, shall not be modified absent further order of the Court or the written agreement of all the Parties hereto.

IT IS SO STIPULATED.

By: /s/ John D. Moore
    John D. Moore, Esq.
    Nevada State Bar No. 8581
    Attorney for Serena Crawford
    john@moore-lawgroup.com

By: /s/ Robert Rosenthal
    Robert L. Rosenthal, Esq.
    Nevada State Bar No. 6476
    Attorney for Deerpath Corporation
    rlr@h2law.com

Dated this 3rd day of October, 2016

Dated this 3rd day of October, 2016

## ORDER

Any document filed under seal must comply with LR IA 10-5 and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Line 21 of p.6 of this Order is modified accordingly.

**IT IS SO ORDERED**.

UNITED STATES MAGISTRATE JUDGE

DATED: October 3, 2016.

HOWARD & HOWARD ATTORNEYS PLLC

**EXHIBIT LIST**

A.  ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND

# EXHIBIT A

## EXHIBIT "A"

### ACKNOWLEDGMENT OF PROTECTIVE
### ORDER AND AGREEMENT TO BE BOUND

I, the undersigned, state as follows:

1.    I certify and declare under penalty of perjury that I have read and understand the Protective Order issued on October ___, 2016 ("the Order"), in the case ***Serena Crawford v. Deerpath Corporation, dba Scope Services***, Case No. 3:16-cv-00323-LRH-WGC ("the Lawsuit").

2.    I agree to comply with and be bound by the provisions of the Order.

3.    I will not copy or use any documents marked "CONFIDENTIAL" that are disclosed to me in connection with the Lawsuit, and I will not disclose any such documents to anyone else unless authorized to do so by the Court or by counsel for Deerpath Corporation, dba Scope Services.

4.    I acknowledge that any unauthorized use or disclosure of documents marked "CONFIDENTIAL" may constitute contempt of Court, and I consent to personal jurisdiction in the United States District Court, District of Nevada, with regard to enforcement of this Order.


_____
Signature


_____
Print Name


_____
Date